– **The following text is entirely new** –

**CUSTODY OF EXHIBITS IN COURT PROCEEDINGS**

**Rule 5101. Definitions.**

(a)    The following words and phrases when used in these rules shall have the following meanings, unless the context clearly indicates otherwise, or the particular word or phrase is expressly defined in the chapter in which the particular rule is included:

(1)    "Court Proceeding." Any trial, hearing, argument or similar event before a judge, panel, or hearing officer where evidence, if entered, is on the record.  It does not include a proceeding before a magisterial district court, a non-record proceeding before the Philadelphia Municipal Court, a judicial arbitration matter pursuant to Pa.R.Civ.P. 1301 *et seq.*, a hearing before a register of wills pursuant to Pa.R.O.C.P. 10.3, or any matter that is not a record proceeding;

(2)    "Custodian." The person or persons designated by local rule of judicial administration to safeguard and maintain exhibits offered into evidence in a court proceeding.  The custodian shall either be a member of court staff, *e.g.*, court reporter, clerk of court, hearing officer, or the proponent of the exhibit.  Custodian shall also include the custodian's designee;

(3)    "Exhibit."  A document, record, object, photograph, model, or similar item offered into evidence, whether or not admitted, in a court proceeding;

(4)    "Judicial District."  A geographic area established by the General Assembly of Pennsylvania in which a court of common pleas is located;

(5)    "Local Rule."  A local rule of judicial administration, however titled, adopted by a judicial district pursuant to Pa.R.J.A. 103(c) or an Internal Operating Procedure adopted by an appellate court;

(6)    "Proponent."  A party seeking the admission of an exhibit into the record in a court proceeding; and

(7) "Records office." The entity with the responsibility and function to maintain and retain the official case file and list of docket entries as required by rule or law.

(b) For any words and phrases not defined by these rules, a meaning may be discerned through examination of its dictionary definition and its legal meaning may be gleaned from its use in an applicable body of law.

**Comment:** The definition of "court proceeding" includes, but is not limited to, civil and criminal trials, ancillary arguments, and hearings, as well as divorce, custody, support, delinquency, and dependency hearings before hearing officers and made of record.

A judicial district may promulgate a local rule to exclude from the provisions of this chapter proceedings that can be appealed *de novo* to a court of common pleas or upon which exceptions or objections can be filed to a court of common pleas. *See* Pa.R.J.A. 5104(b).

The definition of "exhibit" includes items admitted or rejected by the court after being offered into evidence by a proponent.

The definition of "judicial district" is derived from 42 Pa.C.S. § 901.

A "records office" includes the prothonotary of a court, the clerk of courts, the clerk of an orphans' court, or the equivalent office by whatever name known.

**Rule 5102.  Custody of Exhibits.  General Provisions.**

(a)    **During Court Proceedings.**  By local rule, either a member of court staff or the proponent may be designated as the custodian during a court proceeding.  The custodian shall secure and maintain all exhibits during a court proceeding, including breaks and recesses, unless otherwise provided in Pa.R.J.A. 5103(c)-(d).

(b)    **After Court Proceedings.**  By local rule, either a member of court staff or the proponent may be designated as the custodian after court proceedings have concluded.

    (1)    **Custodian.**  The custodian shall:

        (i)    retain or take custody of all documentary exhibits, photographs, and photographs of non-documentary exhibits accepted or rejected during the court proceeding;

        (ii)    file all documentary exhibits, photographs, and photographs of non-documentary exhibits with the records office within five business days of the conclusion of the court proceeding unless otherwise directed by the court; and

        (iii)    secure and maintain all other non-documentary exhibits as:

            (A)    directed by the court; or

            (B)    agreed to by the parties.

    (2)    **Index of Exhibits.**  The custodian filing the exhibits with the records office shall include a numbered list of exhibits, and for each exhibit identify the proponent, whether the exhibit was admitted or rejected from evidence, and a textual description or identification of the exhibit.

    (3)    **Confirmation.**  If the exhibits are transferred from a court staff-custodian to a proponent-custodian pursuant to local rule, the court staff-custodian shall confirm that the proponent-custodian has complied with subdivision (b)(1)(ii).

    (4)    **Relief.**  If the custodian does not file the exhibits as required by subdivision (b)(1)(ii), the proponent, if not designated as the

3

custodian or in possession of the exhibits by local rule, may seek appropriate relief with the court.

**Comment:** The custodian, if a member of court staff, may direct the proponent to secure and maintain exhibits that are bulky, oversized or otherwise physically impractical for the custodian to maintain during court proceedings. *See* Pa.R.J.A. 5103(c)(3).

Subdivision (b) reflects that the local rule shall establish the method for filing exhibits with the records office at the close of the court proceeding. Documentary exhibits, including photographs, filed with the records office are subject to existing record retention schedules. *See, e.g.*, 16 P.S. §§ 13001 *et seq.* (requiring a County Records Committee to establish schedules for the disposal and retention of county records); Pa.R.J.A. 507. A judicial district may establish a local rule on the subject of records retention providing guidance to proponents who are maintaining non-documentary exhibits. *See* Pa.R.J.A. 5104(a)(4).

Non-documentary exhibits typically will be returned to the proponent at the conclusion of the court proceeding. See Pa.R.J.A. 5103 for special provisions relating to oversized documents, photographs, non-documentary exhibits, and digital media. If the court has concerns about the proponent's ability to retain an exhibit through the exhaustion of all appeals and post-trial actions, the court may direct other provisions for securing the exhibit. The court should take into consideration the possibility that a proponent may be incapable or unable to maintain and secure an exhibit, as well as the possibility that a proponent may tamper with or otherwise permit the degradation of an exhibit. The court should also consider any cases that may require special instructions for retention of non-documentary exhibits, such as in capital cases.

The exhibit list required by subdivision (b)(2) will enable the parties to easily determine the contents of a case record.

4

**Rule 5103.   Custody of Exhibits. Special Provisions.**

(a)   **Documentary Exhibits.**

    (1)   If a proponent offers into evidence an exhibit such as a letter, report, drawing, map, photograph, or other document that is larger in size than 8-1/2 x 11 inches, the proponent shall ensure that a copy of the document reduced to 8-1/2 x 11 inches (or smaller) is entered into the record.

    (2)   A proponent who provides a reduced copy of an oversized exhibit shall ensure that the reproduced document is clear and capable of further reproduction or transfer to digital media.

(b)   **Photographs.**

    (1)   If a proponent offers into evidence a photograph, the proponent shall ensure that the original or a copy of the photograph in lieu of the original  (no larger in size than 8-1/2 x 11 inches) is entered into the record.

    (2)   A proponent who provides a copy of a photograph shall ensure that the reproduced document is clear and capable of further reproduction or transfer to digital media.

(c)   **Non-documentary Exhibits: Generally.**

    (1)   If a proponent offers into evidence a non-documentary exhibit, the proponent shall ensure that a photograph (no larger in size than 8-1/2 x 11 inches) of the exhibit is entered into the record in lieu of the non-documentary exhibit.

    (2)   A proponent who provides a photograph of a non-documentary exhibit shall ensure that the photograph is clear and capable of further reproduction or transfer to digital media.

    (3)   If the exhibit is bulky, oversized or otherwise physically impractical for a court staff-custodian to maintain, the court staff-custodian may direct that the proponent offering the exhibit maintain custody of it and secure it during the court proceeding.

(d) **Non-documentary Exhibits: Weapons, Contraband, Hazardous Materials.**

   (1) In any proceeding in which weapons, cash, other items of value, drugs, or other dangerous materials are offered into evidence, the proponent shall secure the exhibits while the court proceeding is in session, as well as during all breaks and recesses.

   (2) During the proceeding, the proponent shall exercise all appropriate safeguards necessary to protect the public based on the nature of the exhibit.

   (3) Exhibits comprised of weapons, cash, other items of value, drugs, or other dangerous materials are prohibited from viewing in the jury room. The court may direct alternative viewing arrangements for such exhibits upon the request of the jury.

(e) **Use of Digital Media.** A proponent shall ensure that an exhibit in a digital format entered into the record is in a format acceptable to the court.

(f) **Duplicates.** The court may direct that the original item, and not a duplicate, be entered into the record.

**Comment:** If a local rule designates the proponent as the custodian, the proponent will be responsible for the safekeeping of exhibits during the court proceeding. If the proponent is designated as the custodian, in no event is the proponent required to take separate action to transfer an exhibit to himself or herself.

When documents and photographs are reduced in size and copied to comply with subdivisions (a)-(b) of this rule, the proponent must ensure that the quality of the document or photograph is not compromised. All documentary exhibits must be capable of clear reproduction. Subdivision (b) recognizes that a proponent may have a sentimental attachment to a photograph and may not want to relinquish it for inclusion in the record.

In subdivision (c), non-documentary exhibits comprise a broad spectrum of objects, including, but not limited to, jewelry, clothing, automobiles, furniture, as well as the items listed in subdivision (d). Each judicial district shall promulgate a local rule to establish standards for the handling of non-documentary exhibits that are bulky, oversized, or otherwise physically impractical for the custodian to maintain. *See* Pa.R.J.A. 5104(a)(4).

In subdivision (d), the phrase "weapons, cash, other items of value, drugs, or other dangerous materials" includes, but is not limited to, guns, knives, explosives, controlled substances, narcotics, intoxicants, currency, money, negotiable instruments, toxic materials, and biohazards. For purposes of this rule, "secured" means inaccessible by unauthorized persons. *See UJS Pennsylvania Court Safety Manual* for best practices on firearms handling. Courts should consider additional safety measures if substances likely to cause bodily harm are present in the courtroom, for example, fentanyl and its derivatives, or other substances known to be especially lethal or toxic.

Neither documentary exhibits of unusual bulk or weight nor non-documentary exhibits should be transmitted unless authorized by a party or by the prothonotary of the appellate court. *See* Pa.R.A.P. 1931(c). In the case of exhibits under subdivision (d) of this rule, such exhibits should only be transmitted by law enforcement personnel who are authorized to transport such items to the appellate court.

Regarding the use of media in the courtroom, technology is constantly evolving and judicial districts have access to varying levels of technology. As set forth in subdivision (e), a proponent offering an audio, visual, or computer file into evidence is solely responsible for ensuring the court has the means to access it during a court proceeding. Current technology may include the use of portable formats, such as flash drives and compact discs. A judicial district may identify acceptable formats for digital media by local rule.

With regard to other limitations on the use of duplicates, *see* Pa.R.E. 1003.

**Rule 5104.  Local Rule.  Prohibition.**

(a)  **Content of Local Rule.** Every judicial district shall promulgate a local rule of judicial administration pursuant to Pa.R.J.A. 103(c) establishing the judicial district's policies and procedures for the custody of exhibits in court proceedings. The local rule shall:

   (1)  designate the custodian to safeguard and maintain exhibits introduced in a court proceeding;

   (2)  establish standards to ensure exhibits are filed with the records office for incorporation into the docket no later than five business days after the end of the court proceeding;

   (3)  establish standards for the reproduction of oversized or voluminous documentary exhibits; and

   (4)  establish standards for the maintenance and security of bulky or oversized non-documentary exhibits during and after the court proceeding.

(b)  **Optional Provision.**  The judicial district may include a provision in its local rule to exclude record hearings that may be appealed *de novo* to a court of common pleas or upon which exceptions or objections can be filed to a court of common pleas from the provisions of this chapter.

(c)  **Prohibition.** The automated systems of the Unified Judicial System (*e.g.*, Common Pleas Case Management System, Pennsylvania Appellate Case Court Management System, and PACFile) shall not be used for submitting or storing exhibits as required by this chapter.

**Comment:**  A local rule includes an Internal Operating Procedure adopted by an appellate court.  *See* Pa.R.J.A. 5101(a)(5) (definition of local rule).

A "custodian" will either be a member of court staff, *e.g.*, court reporter, clerk of court, hearing officer, or the proponent of the exhibit.  *See* Pa.R.J.A. 5101(a)(2) (definition of custodian).  When the proponent is designated as the custodian, the proponent will fulfill all the responsibilities of a custodian in accordance with Pa.R.J.A. 5102.

A local court security committee makes recommendations to the president judge on protocols, policies, and procedures that should be implemented to protect the public, court personnel, and court facilities in the event of an emergency. *See* Pa.R.J.A. 1954

8

(Court Security). The judicial district may consult with the local court security committee to identify best practices for the handling of exhibits.

The local rule shall designate the filing method, which may include electronic filing, although not via the automated systems of the Unified Judicial System. The designated method of filing exhibits with the records office will depend on the capabilities available to the judicial district. It is anticipated that some judicial districts will require the custodian to file exhibits with the records office immediately following the close of the court proceeding. Other judicial districts may require the proponents to file exhibits with the records office no later than five business days after the close of the court proceeding.

Subdivision (b) permits a judicial district to exempt certain record hearings from the provisions of this chapter by establishing a local rule. Under this exception, for example, proceedings before hearing officers in divorce, custody, support, delinquency, and dependency matters could be excluded from the general rules. While these proceedings are of record, some judicial districts may find that the burden of compliance outweighs the benefit of a statewide procedure for records handling.

**Rule 5105.** **Confidentiality**. **Exhibits Under Seal.**

(a)     If an exhibit offered into evidence contains confidential information or confidential documents as defined in the *Case Records Public Access Policy of the Unified Judicial System of Pennsylvania* ("Policy"), the proponent shall give a copy of the exhibit and a certification prepared in compliance with the Policy and any related local rule to the records office no later than five days after the conclusion of the court proceeding.

(b)     Any exhibit sealed by the court during the court proceeding shall not be accessible to the public.

**Comment:**     Subdivision (a) of this rule relates to the confidentiality of information contained in exhibits. Although the Policy does not apply directly to exhibits, important policy considerations are set forth therein, particularly as it relates to personal identification information, as well as highly sensitive financial, medical, and psychological information. While the Policy does not address the handling of non-documentary exhibits, it is expected that parties will adhere to the policy considerations set forth therein and ensure that otherwise confidential information and documents are not made available through the record.  Adhering to the guidance of the Policy will ensure that a protected version of the exhibit is maintained in the record for public viewing.

Subdivision (b) recognizes that some exhibits contain such highly sensitive information or images that they are sealed by the court during the court proceeding.